UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARRELL JONES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NO. C13-1929JLR<br><br>ORDER DENYING 28 U.S.C. § 2255 MOTION |

## I.　INTRODUCTION

This matter comes before the court on movant Darrell Jones' motion under 28 U.S.C. § 2255.  (Mot. (Dkt. # 1).)  For the reasons set forth below, the motion is DENIED.

Movant Darrell Jones moves for habeas corpus relief under 28 U.S.C. § 2255. (*See generally* Mot.)  He originally filed this motion in his criminal case, but the court assigned a civil cause number and set the motion for consideration in this civil action. (*See United States v. Jones*, No. CR11-0298JLR, Dkt. # 96 (W.D. Wash. Oct. 28, 2013).)

ORDER- 1

In his motion, Mr. Jones alleges four grounds for relief: (1) ineffective assistance of counsel; (2) no probable cause for the search of his vehicle; (3) "inconsistent" trial testimony by a police officer; and (4) disclosure by one of Mr. Jones' witnesses that Mr. Jones was in custody. (*See* Mot.) Each ground will be discussed below. Each ground lacks merit.

## II.   ANALYSIS

In order to state a cognizable 28 U.S.C. § 2255 claim, a petitioner must assert that he is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

### A.   **Ineffective Assistance of Counsel**

Mr. Jones alleges that his counsel, Federal Public Defender Erik Levin, was ineffective because he failed to advise Mr. Jones of his post-trial sentencing range. (Mot. at 4-5.) In order to prevail on this claim, Mr. Jones must establish two things. Under *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984), counsel's performance is ineffective only if (1) it fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [process] cannot be relied on as having produced a just result." *Id.* at 685.

This is a deferential test. *Id*. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

After extending all procedural safeguards to protect Mr. Jones, the record developed in connection with this motion establishes that Mr. Jones was advised of the sentencing consequences of proceeding to trial. Mr. Jones wanted "a year and a day deal" or nothing. He did not receive such a plea offer, went to trial, was found guilty, and received an 87-month sentence. No ineffective assistance of counsel was involved. Mr. Jones has shown neither that his counsel's "performance fell below an objective standard of reasonableness," or that "a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different." *See Strickland*, 466 U.S. at 687-94.

**B.     Probable Cause for Search**

Next, Mr. Jones alleges that his conviction was predicated on evidence obtained during an unlawful search. However, Mr. Jones procedurally defaulted this claim by not raising it in sentencing or on direct appeal. He now attempts to raise it under a theory of ineffective assistance of counsel. Mr. Jones' counsel did not file a motion to suppress the gun found in the car search. There were good reasons for this. The motion would have

ORDER- 3

been inconsistent with Mr. Jones' position that the gun did not belong to him. Further, the evidence supporting the search from the officers was ample and compelling. As such, Mr. Jones has not established that his counsel was ineffective for failing to file a motion. Perhaps more to the point, he has not established that filing a motion would have made any difference to the outcome of the proceedings. *See id.*, 466 U.S. at 687-94. Even accepting Mr. Jones' request to evaluate this issue under an ineffective assistance of counsel analysis, this ground fails to meet the *Strickland* standard.

### C. Inconsistent Trial Testimony

Mr. Jones' third ground for relief is the alleged "inconsistent" trial testimony of Deputy Lee. No objection was made to the testimony at trial. Rather, defense counsel cross-examined the deputy and made arguments about the testimony in closing argument. Mr. Jones makes no argument for why an objection was not made. Moreover, no prejudice resulted from the testimony. The standard of *United States v. Frady*, 456 U.S. 152, 167 (1982), has not been met.

### D. Disclosure that Mr. Jones Was in Custody

Defense witness Ola Mae Ivory testified that she "visited [Mr. Jones], like—because he went to see his probation officer and he never came out . . . ." Mr. Jones alleges that this is sufficient error to grant a writ of habeas corpus. No other mention was made in the trial of anything related to Mr. Jones being in custody. The case law does not support Mr. Jones' argument. *See United States v. Halliburton*, 870 F.2d 557, 560 (9th Cir. 1989). There has been no showing of actual prejudice.

E.   **Certificate of Appealability**

The court also denies Mr. Jones a certificate of appealability. When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the court finds that reasonable jurists could not debate whether Mr. Jones' petition should have been resolved differently and therefore DENIES a certificate of appealability.

### III.   CONCLUSION

Based on the court's ruling, there has been no showing of the need for an evidentiary hearing. For the reasons stated, Mr. Jones' 28 U.S.C. § 2255 motion (Dkt. # 1) is DENIED and the court DENIES Mr. Jones a certificate of appealability.

Dated this 10th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 5